Hon. Derrick Cephas Deputy Superintendent and Counsel Banking Department
You have asked whether a contemplated "no fee" checking service which the Banking Department would like to establish with a regulated institution violates relevant provisions of the Public Officers Law. Your request recites that the Department has reviewed the program under the Banking Law and limits its request to the applicability of the Public Officers Law.
The Banking Department wishes to establish checking accounts for members of its staff who work as bank examiners. These accounts would be set up at the World Trade Center office of a savings bank under the regulation of the Department. No such account would carry checking-plus or overdraft privileges. The Department's purposes in establishing such accounts include: facilitating the availability of cash for participating employees (who often are on field assignments remote from Department headquarters); and saving both the Department and its employees the time, cost and risk of forwarding paychecks to employees' homes or designated depositories. Under the contemplated program, the paychecks of participating employees would be deposited automatically in the respective accounts thus providing same-day cash availability.
Section 73(5) of the Public Officers Law provides that "no officer or employee of a state agency * * * shall directly or indirectly solicit, accept or receive any gift having a value of twenty five dollars or more * * * under circumstances in which it could reasonably be inferred that the gift was intended to influence him, or could reasonably be expected to influence him in the performance of his official duties or was intended as a reward for any official action on his part". Is the account described above cognizable as a "gift" for purposes of section 73?
According to section 234.1 of the Banking Law, no State chartered savings bank may levy charges "for maintaining a demand deposit account or for honoring checks drawn on or accepting deposits made to such an account". Your opinion request letter indicates that the planned accounts are of this type. Therefore, your employees in enjoying no-fee services of this nature are no differently situated vis-a-vis the banking institution than any other customer and stand to receive no advantage not routinely available to any other customer. Under this light, it is difficult to perceive how the establishment of the contemplated accounts could be interpreted as a gift for purposes of positing liability under Public Officers Law, § 73(5), especially given the criminal nature of the statute and the consequent burden of proof borne in any attempt to prosecute under its provisions.
Moreover, even if the contemplated accounts could be deemed "gifts" the statute also requires that the receipt, acceptance or solicitation of such be under circumstances in which an inference of reward or inducement to favoritism could reasonably be drawn. To draw such an inference under the attendant circumstances would be to assert that: 1. the savings bank in question, by virtue of the establishment of the contemplated account, could reasonably be seen as either rewarding or anticipating favored treatment from the affected bank examiners; or 2. that the examiners could reasonably be seen as subverting their office in exchange for a free checking account available to everyone. Such assertions appear untenable and the section does not appear violated.
In addition to section 73(5), section 74 of the statute, the State Code of Ethics, is colorably applicable to the facts you present. The Code of Ethics differs generally from section 73 in that it is less detailed in its provisions and is framed more in terms of standards of conduct for State employees than in terms of proscribed criminal acts. In addition, section 74 emphasizes avoiding the appearance as well as the fact of conflict between a State employee's public duty and private interest. For this reason, the Executive Law has established the Attorney General's Advisory Committee on Ethical Standards to assist in the review of matters implicating section 74. The Committee has reviewed the present matter and finds no conflict of interest created for the bank examiners by the establishment of the planned accounts.
One caveat is offered, however. Section 74(3)(f) provides: "an officer or employee of a state agency * * * should not by his conduct give reasonable basis for the impression that any person can * * * unduly enjoy his favor in the performance of his official duties * * *" Quite apart from any concern touching the behavior and appearance of the bank examiners, the Banking Department should take care that in selecting a particular bank in which to establish the accounts it not be perceived as steering customers and thereby favoring that bank over other regulated institutions. Accordingly, the Department should consider the feasibility of extending the contemplated program to additional banks and leaving to the employee the decision regarding which bank to patronize.